6-8-10 BARROW STREET, INC., Judgment Creditor, *v.* EDWIN PENNEFATHER, Judgment Debtor.

City Court of New York, New York County, September 14, 1936.

*Sol J. Shapiro*, for the judgment creditor.
*Edwin Pennefather, pro se.*

MADIGAN, J. This motion is denied. The court is satisfied, after hearing the debtor and considering the papers on this motion, that the fund sought to be reached is necessary for the support of himself and his son, a child of eight.

It is evidently the intent of section 792 of the Civil Practice Act that earnings necessary for the support of a debtor's family be exempt for a period of sixty days following the accrual of same. Such exemption is not lost unless the debtor fails to collect or receive his earnings within sixty days after becoming entitled thereto. The entire article, article 45 of the Civil Practice Act (§ 773 *et seq.*), was revised in 1935 (Laws of 1935, chap. 630). Prior to such revision, supplementary proceedings did not affect after-acquired property. This, however, was changed in 1935. Provisions were then inserted for the purpose of rendering supplementary proceedings applicable to after-acquired property. In the light of that change, present section 792 is to be interpreted.

On this application the creditor contends that under section 792 wages or other compensation for services first becoming payable after the institution of supplementary proceedings cannot be held exempt, even though proved to be necessary for the support of the debtor's family. The construction thus contended for by the creditor is unreasonable and not in conformity with the legislative intent. The revision of 1935 evidently was not intended to bring about a result such as that for which counsel for the creditor argues in the present instance. If the construction urged by the creditor were adopted, all earnings of any debtor after the institution of a supplementary proceeding relating to him or his property would be applicable in their entirety to the payment of the judgment, without regard to the needs of the debtor's family. Plainly this is contrary to the public policy of this State as indicated by said section 792 when read in connection with the other pertinent provisions of article 45 of the Civil Practice Act.